UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| BREANNE P. GEAGHAN, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. _____ |
| ) | |
| v. ) | |
| ) | |
| THE PRUDENTIAL INSURANCE ) | |
| COMPANY OF AMERICA ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendant, The Prudential Insurance Company of America (the "Defendant"), by and through its attorneys, Devine, Millimet & Branch, P.A., hereby removes the above-captioned civil action from the Portsmouth District Court, Rockingham County, State of New Hampshire, to the United States District Court for the District of New Hampshire, based upon the following grounds:

1. Breanne P. Geaghan (the "Plaintiff") commenced this action by filing a Small Claim Complaint (the "Complaint") in the Portsmouth District Court, Rockingham County, State of New Hampshire. The Complaint, which is dated August 11, 2009, was received by the Portsmouth District Court on or about August 17, 2009. The Portsmouth District Court has assigned the following docket number to this matter: Case No. 470-2009-SC-00351.

2. Plaintiff's Complaint was served on Defendant on or about August 23, 2009. A true and correct copy of all process, pleadings, and notices served upon Defendant is attached hereto as Exhibit A and incorporated herein by reference.

3. This Notice of Removal is filed within 30 days of Defendant's receipt of the Complaint by Plaintiff and is, therefore, timely filed under 28 U.S.C. § 1446(b).

4. This case is removable pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims, in whole or in part, arise under and are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, thus supplying federal question jurisdiction.

5. Plaintiff seeks to recover attorney's fees incurred during the administrative process provided by an ERISA-governed welfare benefit plan. Plaintiff also seeks damages related to emotional stress allegedly caused by the initial denial of her application for disability benefits under that ERISA-governed plan. Accordingly, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiff's claims are related to and connected with an ERISA-governed benefit plan for which Defendant insures certain benefits. Plaintiff's claims, in whole or in part, come within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a).

6. The Supreme Court has recognized that the comprehensive remedial scheme established by ERISA, 29 U.S.C. § 1001, *et seq.*, is one area where Congress intended to "occupy the field," thus providing for complete or super preemption of state law claims irrespective of the absence of an explicit federal claim pled on the face of the complaint. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987), Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64-67 (1987). Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. § 1331, the District Courts of the United States have original and/or exclusive jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties. Thus, this civil

action is one over which this Court has original and/or exclusive jurisdiction and it is one that may be removed to this Court by Defendant.

7. The United States District Court for the District of New Hampshire is a federal judicial district embracing the State of New Hampshire and the Portsmouth District Court in Rockingham County, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 1441(a).

8. A copy of this Notice of Removal is being filed with the Portsmouth District Court, Rockingham County, State of New Hampshire, as provided by law, and written notice is being sent to Plaintiff, acting *pro se*. (See Exhibit B attached hereto.)

9. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

10. Pursuant to Local Rule 81.1, Defendant will file certified or attested to copies of the state court record from the Portsmouth District Court, including a copy of this Notice of Removal, with this Court within ten (10) days after filing this Notice of Removal.

11. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief oral argument in support of its position that this case is removable.

**WHEREFORE,** the Defendant, The Prudential Insurance Company of America, respectfully requests that this case proceed in this Court as an action properly removed from the Portsmouth District Court, Rockingham County, State of New Hampshire.

LEGAL02/31486294v1

Respectfully submitted,

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

By its attorneys,

**DEVINE, MILLIMET & BRANCH, P.A.**

Dated: September 9, 2009   By:   /s/ Jonathan M. Eck
Jonathan M. Eck, Esquire
NH Bar No. 17684
111 Amherst Street
Manchester, NH 03101
Telephone: (603) 669-1000
E-mail: jeck@devinemillimet.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served Plaintiff with a true and correct copy of the within and foregoing NOTICE OF REMOVAL by depositing a copy of same in the United States Mail with adequate First Class postage affixed thereon, addressed as follows:

Breanne P. Geaghan, pro se
530 Portsmouth Avenue
Greenland, NH 03840

Dated: September 9, 2009   By:   /s/ Jonathan M. Eck
Jonathan M. Eck, Esquire

J:\WDOX\DOCS\CLIENTS\08001\00225\M1461243.DOC

LEGAL02/31486294v1