UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Breanne P. Geaghan

     v.                               Civil No. 09-cv-308-JL
                                           Opinion No. 2009 DNH 178
Prudential Insurance Company
of America

**MEMORANDUM ORDER**

Plaintiff Breanne Geaghan brought a small-claims complaint
in New Hampshire state court seeking to recover about $2500 in
emotional distress damages and attorney's fees allegedly caused
by her insurer's initial denial of short-term disability
benefits.  The insurer, Prudential Insurance Company of America
("Prudential"), having ultimately approved the benefits on
administrative appeal, removed Geaghan's lawsuit to this court
under 28 U.S.C. § 1441.  Prudential then filed a motion to
dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing
that the Employee Retirement Income Security Act ("ERISA"), 29
U.S.C. § 1001 et seq., pre-empts Geaghan's claims and does not
allow the types of relief she seeks.  Geaghan, who is proceeding
pro se, filed no opposition to the motion.

This court has jurisdiction under 28 U.S.C. § 1331 (federal
question) and 29 U.S.C. § 1132(e)(1) (ERISA).  After oral
argument, the motion is granted.  Both of Geaghan's claims relate
to an employee welfare benefit plan covered by ERISA.  Thus, to

the extent that her claims arise under state law, ERISA pre-empts
them.  Moreover, even if construed as federal claims in order to
avoid pre-emption, they still fail because ERISA does not allow
recovery for emotional distress damages or pre-litigation
attorney's fees.

## I.  <u>Applicable Legal Standard</u>

To survive a motion to dismiss under Rule 12(b)(6), the
plaintiff must make factual allegations sufficient to "state a
claim to relief that is plausible on its face."  <u>Ashcroft v.
Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v.
Twombly</u>, 550 U.S. 544, 570 (2007)).  In deciding such a motion,
the court must accept as true all of the plaintiff's well-pleaded
facts and must draw all reasonable inferences in the plaintiff's
favor.  <u>Gargano v. Liberty Int'l Underwriters, Inc.</u>, 572 F.3d 45,
48-49 (1st Cir. 2009).  Where, as here, the plaintiff files no
opposition to the motion, the court nevertheless has an
independent "obligation to examine the complaint itself to see
whether it is formally sufficient to state a claim."  <u>Nathan P.
v. W. Springfield Pub. Sch.</u>, 362 F.3d 143, 145 (1st Cir. 2004).

Although the plaintiff did not attach it to her complaint,
Prudential has submitted the underlying disability plan to this
court for consideration.  The court of appeals has said that
where "a complaint's factual allegations are expressly linked to

-- and admittedly dependent upon -- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)" without having to convert the motion into one for summary judgment.  Trans-Spec Truck Svc., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (quoting Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998), an ERISA case).  The plaintiff has not challenged the disability plan's authenticity or moved to strike it from the record.  This court will therefore consider it in resolving the motion.

## II.  **Analysis**

Since Prudential's motion to dismiss -- and, indeed, this court's jurisdiction -- is based on ERISA pre-emption, this court needs to determine as a threshold matter whether the disability plan qualifies as an ERISA plan.  If so, the next question is whether ERISA pre-empts the plaintiff's claims for emotional distress damages and attorney's fees to the extent that they arise under state law.  Finally, if they are pre-empted, this court needs to determine whether the plaintiff's claims could be brought under ERISA.

**A.   *ERISA plan***

The threshold question in this case is whether the disability plan qualifies as an "employee welfare benefit plan" under ERISA.  <u>See</u> 29 U.S.C. § 1002(1).  Employee welfare benefit plans have five essential elements:  "(1) a plan, fund or program (2) established or maintained (3) by an employer or by an employee organization, or by both (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, <u>disability</u>, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries."  <u>Wickman v. N.W. Nat'l Ins. Co.</u>, 908 F.2d 1077, 1082 (1st Cir. 1990) (quoting <u>Donovan v. Dillingham</u>, 688 F.2d 1367, 1370 (11th Cir. 1982) (en banc)) (emphasis added).

The disability plan satisfies all five elements.  Self-described as both a "plan" and "program," it was established by Geaghan's employer, HCA Management Services ("HCA"),[1] through a group insurance contract with Prudential.  Both of their names appear prominently on the plan's cover.  The stated purpose of the plan is to provide disability benefits to HCA employees unable to work because of injury or illness.  The plan applies to

_____

[1]Geaghan worked at Portsmouth Regional Hospital, an HCA-affiliated facility.

all active HCA employees who earn $6000 or more per year,
provided that they work a minimum number of hours and complete an
initial waiting period.  Employees contribute part of the
insurance premiums, and HCA pays the rest.  The plan also sets
forth detailed procedures for participants and beneficiaries to
follow in seeking benefits from Prudential.  See id. (explaining
that an ERISA plan "is established if from the surrounding
circumstances a reasonable person can ascertain the intended
benefits, a class of beneficiaries, the source of financing, and
procedures for receiving benefits") (quoting Donovan, 688 F.2d at
1373).

       Although Geaghan did not raise the issue, the court notes
that plaintiffs in this type of case most commonly contest the
third element:  whether the plan has been "established or
maintained" by the employer.  In making this determination,
courts look for "the undertaking of continuing administrative and
financial obligations by the employer to the behoof of employees
or their beneficiaries."  New Eng. Mut. Life Ins. Co. v. Baig,
166 F.3d 1, 3 (1st Cir. 1999) (quoting Belanger v. Wyman-Gordon
Co., 71 F.3d 451, 455 (1st Cir. 1995)).  Here, HCA has undertaken
a continuing financial obligation to share the costs of the
disability plan with its employees.  While Prudential appears to
be primarily responsible for plan administration, HCA also has
"at least 'some minimal, ongoing administrative scheme or

practice,'" which is all that the law requires.[2]  <u>Id.</u> at 4

(quoting <u>District of Columbia v. Greater Wash. Bd. of Trade</u>, 506

U.S. 125, 130 n.2 (1992)).  Based on a review of the plan, a

"reasonable employee would perceive an ongoing commitment by the

employer to provide employee benefits."  <u>Id.</u> (quoting <u>Belanger</u>,

71 F.3d at 455).  Out of an abundance of caution, the court

raised this issue with Geaghan at oral argument, and she conceded

that the disability plan was established and maintained by her

employer.  The plan therefore qualifies as an employee welfare

benefit plan under ERISA.[3]


**B.   _ERISA pre-emption_**

ERISA expressly pre-empts "any and all State laws insofar as

they may now or hereafter relate to any employee benefit plan."

29 U.S.C. § 1144(a).  The Supreme Court has interpreted the

---

[2]For example, HCA must provide certain employment
information to Prudential, set minimum hour requirements for plan
participation, and notify employees of open enrollment periods,
among other things.

[3]Although whether an ERISA plan exists is a factual question
ordinarily resolved on summary judgment or at trial, this is one
of those circumstances where the plan document itself -- which,
as explained in Part I, <u>supra</u>, may be considered in deciding the
motion to dismiss -- is sufficient to resolve the factual issue
at the pleadings stage.  <u>See</u>, <u>e.g.</u>, <u>Demars v. CIGNA Corp.</u>, 173
F.3d 443, 450 (1st Cir. 1999) (resolving ERISA plan question at
pleadings stage); <u>Scheibler v. Highmark Blue Shield</u>, 243 Fed.
Appx. 691, 693 n.2 (3d Cir. 2007) (same); <u>Adiletto v. Media Gen.,
Inc.</u>, No. 08-10524-GAO, 2008 WL 5169746 (D. Mass. Dec. 9, 2008)
(same).

phrase "relate to" according to its "broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987). As a result, ERISA pre-emption "has been applied widely to bar state claims seeking damages for alleged breach of obligations pertaining to an ERISA plan." Hotz v. Blue Cross & Blue Shield of Mass., Inc., 292 F.3d 57, 60 (1st Cir. 2002). Of particular relevance here, the Supreme Court has said that ERISA "undoubtedly" pre-empts state-law claims "based on alleged improper processing of a claim for benefits under an employee benefit plan." Pilot Life, 481 U.S. at 48.

Both of Geaghan's claims fall squarely within that pre-empted category. She alleges that the defendant improperly processed her request for benefits under the disability plan and seeks recovery for resulting emotional distress and attorney's fees. Both the Supreme Court and our court of appeals have found similar requests for emotional distress damages to be pre-empted by ERISA. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 61-63 (1987); Pilot Life, 481 U.S. at 47; Carrasquillo v. Pharmacia Corp., 466 F.3d 13, 20 (1st Cir. 2006) (quoting Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 7 n.9 (1st Cir. 1999)); see also Stiltner v. Beretta U.S.A. Corp., 74 F.3d 1473, 1480 (4th Cir. 1996) (explaining that the case law "uniformly" supports

7

pre-emption of such claims).  Courts have also consistently held that ERISA pre-empts requests under state law for attorney's fees incurred in litigating an ERISA action.  See, e.g., Moffett v. Halliburton Energy Svcs., Inc., 291 F.3d 1227, 1237 n.6 (10th Cir. 2002); S.F. Culinary, Bartenders & Svc. Employees Welfare Fund v. Lucin, 76 F.3d 295, 297-99 (9th Cir. 1996).  Thus, to the extent that Geaghan's claims arise under state law, they both relate to an ERISA plan and are pre-empted by § 1144(a).

This court recognizes, however, that Geaghan is proceeding pro se and presumably has little familiarity with the intricacies of ERISA, which can confound even experienced attorneys.  "[T]he fact that the plaintiff filed the complaint pro se militates in favor of a liberal reading."  Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).  Accordingly, in order to avoid ERISA pre-emption, this court liberally construes Geaghan's complaint as also seeking emotional distress damages and attorney's fees under ERISA itself.  See Adiletto, 2008 WL 5169746, at *1 (taking the same approach in nearly identical circumstances).  As explained below, her claims nevertheless must be dismissed because ERISA does not allow the types of relief she seeks.

## C.  *Emotional distress claim*

First, Geaghan seeks $1500 in emotional distress damages resulting from Prudential's initial denial of short-term disability benefits.  As a general rule, ERISA prohibits plan participants from recovering "extra-contractual" damages -- i.e., damages above and beyond the contractual benefits to which the plan entitles them.  See, e.g., Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985); Evans v. Akers, 534 F.3d 65, 73 (1st Cir. 2008).  The court of appeals recently confirmed that this prohibition includes, among other things, "emotional distress resulting from a plan's failure to honor its obligations."  Evans, 534 F.3d at 73 (citing Reinking v. Phila. Am. Life Ins. Co., 910 F.2d 1210, 1219-20 (4th Cir. 1990)); see also Drinkwater v. Metro. Life Ins. Co., 846 F.2d 821, 824 (1st Cir. 1988).  Thus, Geaghan's claim for emotional distress damages must be dismissed.

## D.  *Attorney's fees claim*

Second, Geaghan seeks about $1000 for attorney's fees that she incurred in contesting Prudential's initial denial of benefits.  ERISA expressly provides for recovery of attorney's fees and costs incurred during an "action" brought by a plan participant under the statute's civil enforcement provisions.  See 29 U.S.C. § 1132(g)(1).  In this case, however, Geaghan seeks

9

to recover attorney's fees incurred during the administrative appeals process, <u>before</u> she filed an action.  Every circuit court to consider this issue has decided that ERISA does not allow recovery of attorney's fees incurred in pre-litigation administrative proceedings.  <u>See</u> <u>Kahane v. UNUM Life Ins. Co. of Am.</u>, 563 F.3d 1210, 1215 (11th Cir. 2009); <u>Hahnemann Univ. Hosp. v. All Shore, Inc.</u>, 514 F.3d 300, 313 (3d Cir. 2008); <u>Parke v. First Reliance Std. Life Ins. Co.</u>, 368 F.3d 999, 1010-11 (8th Cir. 2004); <u>Rego v. Westvaco Corp.</u>, 319 F.3d 140, 150 (4th Cir. 2003); <u>Peterson v. Cont'l Cas. Co.</u>, 282 F.3d 112, 119-21 (2d Cir. 2002); <u>Anderson v. Procter & Gamble Co.</u>, 220 F.3d 449, 452-456 (6th Cir. 2000); <u>Cann v. Carpenters' Pension Trust Fund for N. Cal.</u>, 989 F.2d 313, 315-17 (9th Cir. 1993); <u>see</u> <u>also</u> <u>Colby v. Assurant Employee Benefits</u>, 635 F. Supp. 2d 88, 99 (D. Mass. 2009).  Thus, Geaghan's claim for attorney's fees also must be dismissed.


## III.  <u>Conclusion</u>

The defendant's motion to dismiss for failure to state a claim[4] is GRANTED.  The clerk shall enter judgment accordingly and close the case.

---

[4]Document no. 4.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  November 30, 2009

cc:  Breanne P. Geaghan
     Patrick C. DiCarlo, Esq.
     Sean K. McMahan, Esq.
     Jonathan Eck, Esq.

11